IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| ADMINISTRATOR-BENEFITS FOR | : | CIVIL ACTION |
| THE EXXONMOBIL SAVINGS PLAN | : | No. 09-72 |
| | : | |
| v. | : | |
| | : | |
| RONALD WILLIAMS; PATRICIA BENJAMIN; | : | |
| DOLDRIA BENJAMIN; DANIEL WILLIAMS; | : | |
| ESPRIT AGNES; IRIS WILLIAMS; and | : | |
| JOSEPH BENJAMIN, SR. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                        **December 22, 2009**

By Order of December 14, 2009, this Court ordered Kenth Rogers, Esquire to show cause why he should not be sanctioned. On December 18, 2009, the Court held a hearing on this matter at which Attorney Rogers appeared on his own behalf and on behalf of Defendant Patricia Benjamin. On the record at the hearing, the Court made the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

By this Court's Order of November 30, 2009, a status conference was scheduled for December 11, 2009, at 9:00 a.m. All counsel and interested parties were expected to attend in person before the Honorable Juan R. Sánchez at the District Court of the Virgin Islands in St. Thomas. The purpose of the conference was to review the parties' efforts to notify and serve process on all interested claimants to the interpleaded funds and facilitate prompt resolution of this action.

About two to three hours before the conference was scheduled to begin, Attorney Rogers, on behalf of Patricia Benjamin, filed a combined motion to dismiss this action on jurisdictional grounds and continue the status conference to January 2010. Rogers failed to appear at the

1

December 11, 2009 conference. None of the defendant claimants appeared at the conference, including Patricia Benjamin. Charles Engeman, Esquire, counsel for Plaintiff Administrator-Benefits for the ExxonMobil Savings Plan, appeared at the conference.

In his motion for a continuance, Attorney Rogers asserted he would be unavailable on December 11, 2009, because he

> must travel to another country, to be with a family member who is very sick. Plans were made more than two months ago to take this trip and if they are changed major hardship would be imposed on this frail family member.

Def.'s Br. at 6. Rogers offered no explanation as to why he did not inform the Court of his travels plans when this Court's Order scheduling the conference was docketed on November 30, 2009.

Shortly before commencement of the status conference on December 11, 2009, the Court's staff made several attempts to call Attorney Rogers, only to find a busy signal on his telephone line. Rogers never telephoned the Court or attempted to participate in any fashion in the conference on December 11, 2009.

Attorney Rogers acted unreasonably in requesting the continuance only hours before the conference was scheduled to commence. By untimely filing the motion for continuance on the same day as the scheduled conference, and by failing to communicate with the Court or make any effort to participate in the conference, Rogers demonstrated bad faith. Rogers also demonstrated bad faith by filing a frivolous motion on Patricia Benjamin's behalf to dismiss this action on jurisdictional grounds. The stated grounds for dismissal were largely the same reasons raised by Benjamin in an earlier motion to dismiss, which this Court denied by Order of September 3, 2009. In sum, Rogers unnecessarily delayed and increased the costs of this litigation, and in bad faith abused court processes, thwarting the Court's efforts to render justice.

**CONCLUSIONS OF LAW**

Rule 11 authorizes sanctions against a signer of a pleading, motion, or other paper presented for an improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. Fed. R. Civ. P. 11(b)(1). Rule 11 sanctions may be imposed on a party or a party's attorneys. *Id.* Rule 11 requires only a showing of objectively unreasonable conduct under the circumstances. *Fellheimer, Eichen & Braverman v. Charter Tech., Inc.*, 57 F.3d 1215, 1225 (3d Cir. 1995).

Federal Rule of Civil Procedure 11(c) provides for appropriate sanctions, in pertinent part as follows:

> **(c) Sanctions.**
> **(1)** **In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.
> \* \* \*
> **(3)** **On the Court's Initiative.** On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
> \* \* \*
> **(4)** **Nature of a Sanction.** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees, and other expenses directly resulting from the violation.

Rule 11 sanctions may be imposed on Attorney Rogers based on his signing and filing the motion to dismiss, which was duplicative and frivolous. The motion to dismiss evidences Rogers's

stubborn, unjustifiable defiance of this Court's prior ruling dismissing Patricia Benjamin's previous motion to dismiss on jurisdictional grounds. Rule 11 sanctions may also be imposed on Rogers based on his signing and filing of the eleventh-hour motion to continue. The timing of the motion to continue is consistent with a last-minute effort to circumvent this Court's order scheduling the conference and an intention to delay a resolution likely adverse to Rogers's litigation strategies. Both motions increased the costs of this action for the Court and plaintiff.

Sanctions reflecting the amount of increased costs and attorneys' fees resulting from these two motions are appropriate under Rule 11. Therefore, a $900.00 sanction on Attorney Rogers is justified under Rule 11, which amount reflects $750.00 for two hours of Attorney Engeman's time, which was wasted in appearing at the scheduled December 11, 2009 status conference, and $150.00 for a change-fee by American Airlines, which Attorney Engeman paid to change his flight to appear for the December 18, 2009 show cause hearing.

In addition, monetary sanctions may be imposed under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Although a trial court has broad discretion in managing litigation before it, the principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." *Zuk v. E. Pa. Psychiatric Inst.*, 103 F.3d 294, 297 (3d Cir. 1996) (citation and internal quotation marks omitted).

The legal standards for imposing sanctions under Rule 11 and 28 U.S.C. § 1927 are thus different. Section 1927 sanctions are applicable only to an attorney, not a party. Section 1927

sanctions require a finding of willful bad faith, not merely a showing of objectively unreasonable conduct. *See Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir. 1989) (noting the statute does not grant a district court the authority to impose liability against a litigant); *Baker v. Cerberus, Ltd.*, 764 F.2d 204, 208-09 (1985) (holding an attorney's bad faith is a necessary predicate to liability under § 1927). Simply filing a frivolous motion is not alone enough to provoke § 1927 sanctions; rather, bad-faith conduct is required. *See An-Port, Inc. v. MBR Indus., Inc.*, 142 F.R.D. 47, 49 (D.P.R. 1992) (ruling the test for whether conduct is "vexatious" under § 1927 is whether it is objectively harassing or annoying so that it reflects a serious and studied disregard for the orderly process of justice).

While § 1927 authorizes sanctions for misconduct by attorneys, it is a power which the "'courts should exercise *only* in instances of a *serious and studied disregard for the orderly process of justice*.'" *Williams*, 883 F.2d at 1191 (quoting *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983) (citation omitted)). Also, since § 1927 addresses the impact conduct has on the proceedings, sanctions imposed under § 1927 must only impose costs and expenses which result from the particular misconduct. *In re Prudential Ins. Co. Am. Sales Practices Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002).

In this case, Rogers intentionally and unreasonably disobeyed the Court's scheduling order. Rogers failed to appear or participate by telephone in the conference and offered no excuses for his absence, except perhaps the frivolous motions he filed. He thereby necessitated the scheduling of another conference, wasting the time and resources of the Court and plaintiff's counsel. He acted willfully in bad faith, evidencing a serious and studied disregard for the orderly processes of justice. On analogous facts, *In re Titus* held the bankruptcy court would have been authorized to sanction

5

the debtors under § 1927 for their or their counsel's failure to appear and participate in a scheduled telephone conference. 49 B.R. 75, 77 (W.D. Wis. 1985).

In order to deter such abuse of court processes, § 1927 authorizes the Court to require Attorney Rogers to personally satisfy any excess costs, expenses, and attorneys' fees reasonably incurred because of his conduct. Therefore, under both Rule 11 and § 1927, a $900.00 sanction imposed on Rogers is justified, which amount reflects $750.00 for two hours of Attorney Engeman's time and $150.00 for an airline ticket change-fee incurred by Engeman.

Finally, this Court has inherent power to impose sanctions on Attorney Rogers. The Court has inherent power to impose not only attorneys' fees but also, disciplinary sanctions. "It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Fellheimer*, 57 F.3d at 1224 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal brackets and citations omitted)). "Among the implied and incidental powers of a federal court is the power to discipline attorneys who appear before it." *Id.* (quoting *Chambers*, 501 U.S. at 43). A court may resort to its inherent power to impose sanctions even if much of the misconduct at issue is also sanctionable under statute or court rules. *Chambers*, 501 U.S. at 43 n. 8, 45.

In this case, the Court exercises its inherent power to discipline Attorney Rogers. Rogers misconduct is addressed under this Court's inherent power to discipline the attorneys who appear, or fail to appear, before it. The Court disciplines Attorney Rogers, prohibiting him from further representing any party or interested person in this Civil Action No. 09-72 and the following consolidated actions:

*Patricia Benjamin v. Exxon Mobil Corporation, et al.*, Civil Action
No. 3:09-cv-102;

*Patricia Benjamin v. Esso Standard Oil Co., P.R. Medical Insurance
AIG Life Insurance Co.-MCS, et al.*, Civil Action
No. 3:09-cv-118; and

*Patricia Benjamin v. Esso Standard Oil Company (Puerto Rico)*,
Civil Action No. 3:09-cv-119.

An appropriate order accompanies this memorandum.

December 22, 2009  \_/s/Juan R. Sánchez_____
Juan R. Sánchez, Judge
United States District Court