IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| ADMINISTRATOR-BENEFITS FOR THE EXXONMOBIL SAVINGS PLAN | : : : | CIVIL ACTION No. 09-72 |
| v. | : : | (consolidated) |
| RONALD WILLIAMS; PATRICIA BENJAMIN; DOLDRIA BENJAMIN; DANIEL WILLIAMS; AGNES ESPRIT; IRIS WILLIAMS; and JOSEPH BENJAMIN, SR. | : : : : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                           **April 6, 2011**

This is an interpleader action filed by the Administrator of an ExxonMobil Savings Plan (the Plan) in which the Administrator seeks to distribute $47,156.92, the balance of the savings account of deceased former ExxonMobil employee Fitzroy Williams, to avoid the risk of multiple liability to Fitzroy's heirs.[1]

On December 6, 2010, this Court held a trial to determine whether the interpleader action was properly filed and the rightful Plan beneficiary. The Defendants failed to appear at trial. Based on the testimony and documents introduced by the Administrator, this Court finds the interpleader device is proper and Ronald Williams is the sole beneficiary of Fitzroy's savings account. Therefore, the Plan shall not be required to have any further involvement in this matter and the $47,156.92 which the Plan deposited with the Court shall remain in the Court's custody until it is claimed by Ronald.

---

[1] Before the interpleader complaint was filed on May 21, 2009, Defendant Patricia Benjamin had commenced several actions in various courts relating to the identity of the proper Plan beneficiary. These actions were consolidated with this case and stayed pending resolution of the interpleader action.

1

**FINDINGS OF FACT**

1.  Fitzroy Williams was employed by Esso Virgin Islands, Inc. (Esso), a subsidiary of ExxonMobil.

2.  In July 1989, Fitzroy became a participant in the Plan, a retirement savings program available to Esso employees.

3.  As the designated Plan Administrator and fiduciary within the meaning of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1002(16)(A), the Administrator has the authority to engage in litigation on behalf of the Plan.

4.  In September 1994, Fitzroy disappeared. The following month, he was terminated from Esso because he failed to appear for work. He was never found. In 2005, the Superior Court of the Virgin Islands declared Fitzroy dead as of September 19, 1994.

5.  Prior to his death, Fitzroy accumulated Plan benefits worth $47,156.92.

6.  Fitzroy did not designate a beneficiary for his Plan benefits.

7.  According to the Plan's Document of Trust, when a recipient is not named, the benefits are awarded by the following successive preference: spouse, child or children, parents, and siblings.

8.  Fitzroy did not have a surviving spouse.

9.  Ronald Williams, who was born February 26, 1991, is Fitzroy's only child.

10. Fitzroy named Ronald as the beneficiary of his life insurance policy.

11. Defendant Doldria Benjamin is Ronald's mother. She was not married to Fitzroy at the time of his death.

12. In 2002, Defendant Patricia Benjamin was appointed Ronald's guardian.

13. Ronald reached the age of majority on February 26, 2009.

14. Defendants Daniel Williams and Agnes Esprit are Fitzroy's parents.

15. Defendant Iris Williams is Fitzroy's sister.

16. On September 3, 2009, this Court granted the Administrator's motion to deposit the $47,156.92 in accrued benefits into the Court's registry pursuant to Federal Rule of Civil Procedure 67(a). Such funds were deposited on September 10, 2009.

**DISCUSSION**

The interpleader device is designed so that a plaintiff who faces "claims that may expose [it] to double or multiple liability" may join multiple claimants as defendants and require them to interplead. Fed. R. Civ. P. 22(a)(1). Specifically, an interpleader action allows "a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) (quoting 7 Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 1704 (3d ed. 2001)). When a party admits its liability in the context of a valid interpleader action, a court may allow the party to deposit the money it owes with the court and withdraw from further proceedings, thereby leaving only the parties with a genuine dispute to litigate among themselves. *Id.*

During the first stage of an interpleader action, the court "determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants." *Id.* In making this determination, the presence of counter-claims against the stakeholder will not preclude discharging it from further liability if such counter-claims are based on the stakeholder's failure to pay the funds to a particular party. *Id.* at 264-65 ("[W]here a

stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claimants, its failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty."). If a court finds the interpleader action is properly brought, it must then determine "the respective rights of the claimants to the interpleaded funds." *Id.*

The Administrator's use of the interpleader device here was appropriate due to the multiple potential beneficiaries of Fitzroy's retirement fund. After the Administrator notified Fitzroy's relatives about Fitzroy's benefit fund, the relatives' behavior made it nearly impossible for the Plan to determine the proper beneficiary. Ronald's guardian, Patricia Benjamin, filed numerous lawsuits both in this Court and in the Superior Court of the Virgin Islands, purportedly on behalf of Ronald, in which she sought payment of the benefits and alleged various ERISA and RICO violations. Despite the Administrator's best efforts, however, Ronald cannot be located and has not appeared in this action even though he reached the age of majority before the interpleader action was filed. *See* 16 V.I.C. § 261 (stating the age of majority in the Virgin Islands is 18). As part of Benjamin's attempts to gain access to the benefits fund, she submitted a materially false Family Status Affidavit, signed by her former counsel, in which she failed to list any of Fitzroy's living family members other than Ronald. Meanwhile, the other family members located by the Administrator have either failed to respond to the numerous attempts to contact them, or have attempted to evade service altogether.[2]

---

[2] For example, after this Court directed the Administrator to serve its Order of December 22, 2009, on all Defendants, Patricia Benjamin and Doldria Benjamin refused to accept service at their home or workplace, or by signing for certified mail. Defendants Daniel Williams and Iris Williams have not formally responded to the Complaint. The Administrator has also made numerous efforts to obtain waivers from various family members regarding their eligibility to receive the benefit funds, but has been largely unsuccessful.

Given this convoluted and frustrating history, the Administrator's desire to disentangle itself from further involvement in this matter is understandable. Indeed, this is the very type of case for which the interpleader action was designed. *See Francis I. du Pont & Co. v. Sheen*, 324 F.2d 3, 4 (3d Cir. 1963) ("[T]he primary purpose of interpleader . . . [is] to relieve an obligor from the vexation of multiple claims in connection with a debt which he admittedly owes to someone.").

Having determined this interpleader action was properly brought, this Court must next decide who is the proper beneficiary of the benefit funds. Despite the complicated procedural history of this matter, this determination is not difficult. It is uncontested that Fitzroy had no spouse at the time of his death, and that Ronald was his only child. While the evidence was insufficient to show Ronald was Fitzroy's child when Benjamin first made a claim for benefits on Ronald's behalf, evidence has now been submitted showing Ronald is Fitzroy's sole child. Ronald's birth certificate, which was filed on March 1, 1991, lists "Fitzroy Robert Williams" as Ronald's father. Also, soon after Ronald's birth, Fitzroy completed a Beneficiary Designation form for his life insurance policy in which he named "Ronald Tyrone Williams" as his sole child and indicated Ronald was to receive 100% of his life insurance benefits. Fitzroy and a witness signed this form on April 4, 1991. On April 9, 1991, a representative from the Esso Human Resources Department sent a letter to Fitzroy's life insurance provider, directing the provider to add "Son - Ronald Williams" to Fitzroy's policy. Because Fitzroy did not have a surviving spouse and had only one child, Ronald is the proper beneficiary of Fitzroy's Plan benefits.

**CONCLUSIONS OF LAW**

1.  Because the Administrator has satisfied its obligation to pay the money it owes under the Plan, it is relieved of further obligation in this matter.

2.       Ronald Williams, the only child of Fitzroy Williams, is the sole beneficiary of Fitzroy's Plan account benefits. These benefits are worth $47,156.92.

3.       To the extent other potential beneficiaries wish to litigate this Court's determination that Ronald is Fitzroy's sole beneficiary, they must file a notice with this Court within 30 days. An appropriate order follows.

                                                BY THE COURT:

                                                /s/ Juan R. Sánchez
                                                Juan R. Sánchez, J.

cc:     Charles E. Engeman, Esquire           Ronald Williams, *pro se*
        Bennett Chan, Esquire                  Doldria Benjamin, *pro se*
        Geoffrey E. Wolfe, Esquire             Daniel Williams, *pro se*
        Wilfredo A. Geigel, Esquire            Agnes Esprit, *pro se*
        Iris Williams, *pro se*                      Joseph Benjamin, Sr., *pro se*
        Patricia Benjamin, *pro se*